**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4084**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CESAR ANDRES LINARES,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00164-TDS-1)

Submitted: July 8, 2014           Decided: July 16, 2014

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Walter C. Holton, Jr., HOLTON LAW FIRM, PLLC, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Andres Linares pled guilty pursuant to a plea agreement to one count of possession with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012). The district court calculated Linares' Guidelines range at 121 to 151 months' imprisonment, U.S. Sentencing Guidelines Manual (2013), and sentenced him to 121 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court abused its discretion in imposing sentence. Linares was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

We review Linares' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012)

2

factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and afforded Linares the opportunity to allocute. The court explained that the 121-month sentence was warranted in light of the nature and circumstances of Linares' offense conduct, his history and characteristics, and the need for the sentence to reflect the seriousness of his offense conduct, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public. 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

Counsel argues that the 121-month sentence is unreasonable because the district court did not "properly weigh" Linares' cooperation with law enforcement. We reject this argument because it essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that a 121-month sentence achieved the purposes of sentencing in Linares' case. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole); United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."). Counsel thus fails to rebut the presumption on appeal that Linares' within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Linares.

4

In accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Linares, in writing, of the right to petition the Supreme Court of the United States for further review. If Linares requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Linares.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>